### McDONALD v. CITY OF TOLEDO.

#### (Circuit Court, N. D. Ohio. June 23, 1894.)

1. MUNICIPAL CORPORATIONS—OBSTRUCTED STREETS—SNOW AND ICE.

A city situated in the latitude of northern Ohio is not bound, as a matter of law, to remove, even from its principal streets, snow which fell, during an unusual storm, to the depth of four feet; and the fact that the snow has remained a week, and has been piled up by the street-car companies, in clearing their tracks, and become frozen and hard, is notice to the public, as well as to the city authorities, of its dangerous condition, and therefore the public is bound to exercise care in driving. Chase v. City of Cleveland, 9 N. E. 225, 44 Ohio St. 505, applied.

2. SAME—PERSONAL INJURIES—PLEADING.

In an action for injuries sustained in driving upon a street obstructed with snow and ice, plaintiff averred that the accident was caused because, in turning from one street into another, it was necessary to pass round a street car standing upon its track in the latter street, and that in so doing his horses were frightened by the sudden starting of the car, and drew his buggy over the ice, and overturned it. *Held* that, in the absence of any further averment on the subject, it should be assumed that the car had merely stopped to take on or discharge a passenger, and that, therefore, it was not necessary for plaintiff to drive around it.

This was an action at law by McDonald against the city of Toledo and others to recover damages for personal injuries sustained in driving upon the streets. The city demurred to the petition for want of facts sufficient to constitute a cause of action.

Hurd, Brumback & Thatcher, for plaintiff.
C. F. Watts, City Sol., for defendant.

RICKS, District Judge. The averments of the petition are that on the 12th day of February a severe and violent snowstorm prevailed in the city of Toledo, which left the snow, on or about where Cherry street and Collingwood avenue intersect, drifted to a depth of between 4 and 5 feet; that Cherry street is one of the principal streets and thoroughfares of the city; that the street-car tracks on the street are double, and occupy about 14 feet, and that the street is paved 44 feet between curbs; that said snow had been carelessly cleared from the railroad tracks by the defendant street-railway company, and piled up in a conical mass on the remaining parts of the street to the depth of 4 to 6 feet, until it packed and froze so as to become a hard mass, rendering said street dangerous; that plaintiff was driving with two horses in a carriage on Collingwood avenue from a northerly direction, and turned onto Cherry street, and at said crossing of Collingwood avenue it became necessary to pass around a car of the Toledo Consolidated Street Railway, which was standing on its track on Cherry street; that while so driving around said car the servants of said street railway carelessly started said car, and the noise frightened plaintiff's team so that they jumped towards the side of said street, and drew plaintiff's buggy upon and over said hardened mass of snow on the westerly side of said street, in such manner as to overturn said buggy; that plaintiff exercised due care in the driving, and was without fault, and, but for the existence of said mass of snow piled in said street as aforesaid, he could have controlled and stopped his team before said buggy was overturned; that each of said defendants had notice of said piling of snow on said street.

The case of Chase v. City of Cleveland, 44 Ohio St. 505, 9 N. E. 225, is relied upon in support of the demurrer. In that case the plaintiff fell on a slippery sidewalk, made so by the natural fall of snow, which froze, and had been smooth and slippery. The street was averred to be a public highway within the corporate limits, and it was charged that the city had, or might have had, notice of the dangerous condition of said walk. The walk was otherwise in good repair. The supreme court held the petition insufficient to show negligence. The reasoning of the court is that a fall of snow is a temporary impediment, and perhaps a danger, which is frequent in northern cities, and to impose upon a municipality the duty of removing snow or removing ice from sidewalks would be an onerous burden, involving great expense, and that, unless very exceptional conditions are shown, it would not be negligence to fail to remove such impediment or danger from the sidewalks. It is sought to distinguish the case at bar from the Chase Case, first, because this obstruction was in a principal thoroughfare, and because it was the result of an unnatural and violent storm, and therefore the city had notice of unusual obstruction to travel that would be caused thereby. It is further insisted that the city had notice that this obstruction was made greater and more dangerous because the street-railway company was permitted to scrape the snow from its tracks, and pile it upon the streets, and that said pile of snow was permitted to remain in the street for seven days, and so froze as to become

hardened. But it is to be observed that all these unusual and ex-·ceptional conditions which are relied upon to carry notice to the city of the dangerous character of the obstructions in the street, may likewise be relied upon to carry notice to plaintiff of the dangers he might naturally expect. For, as the supreme court said in the Chase Case, the city "is bound to exercise only ordinary care, to take such measures as are reasonably to be required and adequate in view of the ordinary exigencies." The conditions set forth in the petition are exceptional and rare. A fall of four feet of snow ·in one storm is rare, even in this section. Is the city bound to remove four feet of snow from even its principal thoroughfares? There are many such in Toledo, and they are of great length. The court may take judicial notice of such facts. It would be a hardship to impose upon the taxpayers, through their city authorities, the burden of removing snow and ice resulting from such a storm within ·so short a period.

The averment in tne petition is that the accident was caused because it was necessary (for plaintiff) to pass around a car of the Toledo Consolidated Street-Railway Company, standing on its track on Cherry street. It is not averred that this car had stood there for a long time, or would be compelled to stand there for a long time, so as to show the necessity to drive around it. I think, in the absence of such an averment, the court is warranted in assuming that it was a stop to take on or discharge a passenger. I think this as-·sumption ought to be rebutted by an affirmative allegation which would show some negligence or act tending to establish negligence on the part of such defendant, because the exceptional storm which left four to five feet of snow on the street would impose upon plaintiff more care and caution in driving about the streets. In such a condition of the street, travel might be substantially suspended, ·and persons who persisted trying to drive over such snow banks would be charged with notice, and to observe more than ordinary care. In such conditions the driving out of the way to avoid a street car only stopping for a moment would not be "necessary."

For these reasons, I do not think the petition states facts necessary to make out a case, and the demurrer will therefore be sustained.